UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DOUGLASS JOHNSON<br><br>        Petitioner,<br><br>   v.<br><br>PAUL THOMPSEN,<br><br>        Respondent. | No. 2:18-cv-01977 KJM-GGH<br><br>ORDER |

*Procedural History*

      Petitioner filed a writ of habeas corpus, ECF No. 1, together with an application to proceed in forma pauperis, ECF No. 2, on July 18, 2018. Petitioner brought the petition pursuant to 28 U.S.C. section 2241, ECF No. 1 at 1, presumably because he was housed in a federal prison. He alleges a <u>Napue</u> violation for prosecutor's purported used of false testimony, and justified bringing the action under section 2241 on the ground that section 2255 was inadequate or ineffective to test the legality of his conviction. In reviewing the action the court has discovered that petitioner had three previous petitions before this court.

A.    <u>First Petition</u>

      The first of these petitions, <u>Johnson v. Ponce</u>, 2:16-cv-01037-JAM-AC, was

1

recommended for dismissal for lack of jurisdiction. As can be seen from the Magistrate Judge's Conclusion to her Findings and Recommendations, ECF No. 17 at 5, the grounds for that petition and the one before this court differ but the insistence on using the improper jurisdictional statute is identical.

> For the reasons outlined above, petitioner may not challenge his conviction through a § 2241 petition. Since petitioner can only challenge his conviction through a § 2255 motion, which must be brought in the court which imposed the sentence, the petition should be dismissed for lack of jurisdiction. See 28 U.S.C. § 2255(a). Since court records demonstrate that petitioner has already pursued a § 2255 motion, and there is no indication that he has received authorization from the Ninth Circuit to pursue a second or successive § 2255 motion, the court declines to construe the instant petition as a § 2255 motion and transfer it to the United States District Court for the Western District of Washington.

The district judge adopted the Findings and Recommendations on March 27 2017, ECF No. 24, and judgment was entered the same day. ECF No. 25. Petitioner appealed on April 10, 2017, ECF No. 28, and the Ninth Circuit denied a Certificate of Appealability thereby terminating the appeal on May 24, 2017. ECF No. 31.

B. <u>Second Petition</u>

The second petition, <u>Johnson v. Salazar</u>, 2:17-cv-1310-JAM-KJN, was filed on June 26, 2017 and, as with the first petition and the instant one, was brought under section 2241. ECF No. 1 at 5. Here petitioner claimed actual innocence and denied a successive petition challenge by alleging the law has changed since his earlier appeals and habeas. <u>Id.</u> at 8. The magistrate judge entered Findings and Recommendations on December 15, 2017 and recommended that a Motion to Dismiss filed by respondent be granted. ECF No. 16. The magistrate also adverted to an earlier 2255 action brought by petition in his jurisdiction of conviction, the Washington District of Washington, but decline to do so as it would be a successive petition, and therefore recommended dismissal of the action without prejudice. <u>Id.</u> at 13:13-16. The district curt adopted the Recommendations on March 19, 2018, ECF No. 22, and judgment was entered the same day. ECF No. 22.

On April 30. 2018 petitioner sought relief from the judgment under Federal Rules of Civil Procedure 52 and 59(e), ECF Nos. 23, 26, and Rule 50, ECF Nos. 26, 29, 30, 32, 34, 35 and 36

as to which the magistrate judge recommended denial and also recommended that a Certificate of Appealability also be denied. ECF No. 37 at 7. The district court adopted the recommendations on June 6, 2018, ECF No. 47, and petitioner appealed on June 13, 2018. ECF No. 48. That appeal is still pending. Finally, petitioner filed a new Motion to Set Aside the Judgment on July 9, 2018, ECF No. 52, and that matter is also pending.

C. Third Petition

The Third Petition, Johnson v. Salazar, 2:18-cv-00988-MCE-AC, was filed on April 23, 2018, ECF No. 1. This action is also brought pursuant to section 2241. He claims actual innocence and a change in federal regulatory law. Id. at 7-8. No action has yet been taken in this case. The allegations of this petition are nearly identical to those in the Second Petition.

*Discussion*

This district has a strict rule that in assignment of habeas corpus actions, to wit, the first judge and magistrate judge who have heard that petition and issued a ruling shall have cognizance of all other successive petitions arising out of the same conviction. E.D. Cal. LR 190(d). All of the petitions referenced herein arise out of the same conviction. Therefore, this case before the undersigned shall be transferred to the judges with the assigned lowest number.

In light of the foregoing IT IS HEREBY ORDERED that:

1. This matter should be transferred to District Judge John Mendez and Magistrate Judge Allison Claire, on the ground that the earliest case involving this petitioner on the common conviction was assigned to them. (Johnson v. Ponce, 2:16-cv-01037-JAM-AC).

Dated: August 2, 2018

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE