UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTOINE DOUGLASS JOHNSON,<br><br>Petitioner,<br><br>v.<br><br>PAUL THOMPSEN,<br><br>Respondent. | No. 2:18-cv-1977 JAM AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a federal prisoner seeking habeas relief, purportedly under 28 U.S.C. § 2241. Findings and Recommendations are pending, recommending dismissal for lack of subject matter jurisdiction. ECF No. 16. Petitioner has filed a motion for amended or additional findings pursuant to Fed. R. Civ. P. 52(b) (ECF No. 18), which is before the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the reasons that follow, the undersigned recommends that the motion be denied.

I. Background

Petitioner has filed numerous petitions in this district, where he is incarcerated, challenging the validity of his underlying conviction and sentence, which were imposed in the Western District of Washington. The judges who have reviewed these petitions to date have all concluded that this court lacks subject matter jurisdiction. See ECF No. 16; Johnson v. Salazar, 2:17-cv-1310 JAM KJN ("Salazar I"), ECF No. 16 (recommendation for dismissal), ECF No. 21

(order adopting recommendation); Johnson v. Salazar, No. 2:18-cv-0988 MCE AC P ("Salazar II"), ECF No. 22 (recommendation for dismissal), ECF No. 28 (order adopting recommendation); Johnson v. Ponce, 2:16-cv-1037 JAM AC ("Ponce"), ECF No. 17 (recommendation for dismissal), ECF No. 24 (order adopting recommendation); Johnson v. Thompsen, No. 2:18-cv-2580 MCE AC P ("Thompsen II"), ECF No. 13 (recommendation for dismissal) (pending). Plaintiff has also filed numerous post-judgment motions in previous cases, and has been informed of the legal inadequacy of those motions and the standards that govern post-judgment relief. See Salazar I, supra, ECF No. 37 (recommendation for denial of motions brought under Fed. R. Civ. P. 52(b) and 59(e)); ECF No. 47 (order adopting recommendation); ECF No. 59 (recommendation for denial of motion brought under Fed. R. Civ. P. 60(b)); ECF No. 67 (order adopting recommendation).

Because the underlying factual and legal issues in this case have previously been addressed in detail, see ECF No. 16, the undersigned will not reprise them here.

II.     Petitioner's Motion Under Rule 52(b)

Rule 52 permits a party to file a motion to amend the findings or make additional findings, and to amend the judgment accordingly. It applies in actions tried on the facts without a jury. Fed. R. Civ. P. 52(a). Motions under Rule 52(b) are primarily designed to correct findings of fact which are central to the ultimate decision. Rule 52(b) motions are appropriately granted in order to correct manifest errors of law or fact or to address newly discovered evidence or controlling case law. Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219-20 (5th Cir. 1986). A motion to amend a court's factual and legal findings is properly denied where the proposed additional facts would not affect the outcome of the case or are immaterial to the court's conclusions. Weyerhaeuser Co. v. Atropos Island, 777 F.2d 1344, 1352 (9th Cir. 1985).

Here, petitioner seeks factual findings related to the substance of the prosecutorial misconduct claim that he seeks to pursue in this court. See ECF No. 18 at 1 (asking the court to determine whether certain trial testimony was false, whether the prosecutor knew it was false, and whether the false testimony likely affected the verdict). These facts would not affect the outcome of this case and are immaterial to the court's conclusions. For the reasons set forth in the pending

Findings and Recommendations, this court lacks jurisdiction to consider petitioner's challenge to the validity of his conviction. The additional findings sought by this motion do not go to the existence of jurisdiction. Absent jurisdiction, the court cannot make the requested findings. Accordingly, petitioner is not entitled to additional findings under Rule 52(b).

## CONCLUSION

For the reasons explained above and in the pending dispositive Findings and Recommendations (ECF No. 18), it is HEREBY RECOMMENDED that the motion at ECF No. 18 be DENIED. It is FURTHER RECOMMENDED that any request for certificate of appealability from this decision be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such documents should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Failure to file objections within the specified time may waive the right to appeal the District Court orders. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 27, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE